NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONDELL WARNER, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Petitioner, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 08-CV-2550 (DMC) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Respondent the United States of America (the "Government") to dismiss Petitioner Rondell Warner's ("Petitioner") 28 U.S.C. § 2255 petition for a writ of *habeas corpus* pursuant Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that the Government's motion is **granted** and Petitioner's petition is **denied**.

## I.     BACKGROUND[1]

### A.     Factual Background

As early as December 1993, if not earlier, a group of individuals headed by Petitioner established themselves as the controlling narcotics gang of Bergen and Lexington Avenues in Jersey City, New Jersey. The group called themselves the "Lex Mob." On December 8, 1993, an enforcer for a rival drug gang, Tyrone Stevens, began to antagonize one of Petitioner's crew members. This

---

[1] The facts set forth in this Opinion are taken from the facts in Petitioner's Complaint and Respondent's moving papers.

dispute led to a physical confrontation and Petitioner drew his handgun and shot Mr. Stevens in the neck.  Mr. Stevens survived however, because of Petitioner's actions,  the Lex Mob grew in strength and reputation.

On August 23, 1999, a member of the Lex Mob had a verbal dispute with a driver of a car parked at Bramhall and Bergen Avenues, Ezekiel Simmons.  This dispute escalated after the car almost struck another Lex Mob member.  In retaliation, Petitioner ordered two Lex Mob members to shoot Ezekiel Simmons.   However, William Simmons, Exekiel Simmons' brother was shot and killed instead.

### A.    Procedural Background

Petitioner was arrested on February 28, 2002.  On August 14, 2004, a superseding Indictment was filed, charging Petitioner with racketeering conspiracy, RICO and other charges.  On October 18, 2005, as jury selection was completed and the Government was prepared to present an opening statement, Petitioner entered a plea agreement which incorporated his activities with the Lex Mob from September 1993 through August 2004.  On April 3, 2006, a sentencing hearing was held before this Court.  Petitioner was sentenced to 240 months, the statutory maximum under 18 U.S.C. § 1962(d), a $50,000 fine and three years supervised release.  Petitioner did not appeal.  His conviction became final on July 3, 2006.

After the plea, Petitioner was held at the Hudson County Jail, in the custody of the United States Marshals Service until April 26, 2006, at which time he was placed into the custody of the Bureau of Prisons ("BOP") and moved to USP Canaan, in Waymart Pennsylvania. During his incarceration Petitioner never filed a grievance concerning access to counsel, access to legal materials or access to a law library.  Petitioner remained incarcerated at USP Canaan until January 16, 2008.

On May 13, 2008, more than two years after being sentenced, Petitioner filed the instant motion for relief under 28 U.S.C. § 2255.

## II.   DISCUSSION

Petitioner seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 based on his claim that his counsel failed to provide him effective assistance. Petitioner concedes that his petition which was filled approximately two years after he was sentenced does not comport with the one year filing restriction and hence is untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Tit. 1, 110 Stat. 1217 ("AEDPA"). 28 U.S.C. § 2255(f). Petitioner seeks to toll the AEDPA's one year time limitation based on his assertion that he asked his defense attorney, Michael Robbins, to appeal his sentence and that Mr. Robbins failed to do so.

### A.   Legal Standard

The procedural rules governing 28 U.S.C. § 2255 provide that "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." 28 U.S.C. § 2255 Rule 12. Rule 12 allows the Court to apply Fed. R. Civ. P. 12(b)(6) to Petitioner's petition in accordance with the Government's motion. See Fadayiro v. United States, 30 F. Supp. 2d 772 (D.N.J. 1998) (summarily dismissing a Section 2255 petition because it was time barred).

When deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar.

Corp. V. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  While under the liberal notice

pleading standards a party is not required to plead facts sufficient to prove its case, there still must

be an underlying claim for relief before the court.  Lum v. Bank of America, 361 F.3d 217, 223 (3d

Cir 2004).  Moreover, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions'

when deciding a motion to dismiss."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d

Cir. 1997).  If, after viewing the allegations in the complaint in the light most favorable to the

plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could

prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim.

Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir.

1982).

    **B.**    **The One Year Statute of Limitations**

Pursuant to the AEDPA, a criminal defendant has one year to file a request for relief under

§ 2255.  The one year period is triggered by the last to occur of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  In this case, the triggering event is the date the judgment of conviction became

final.  A federal prisoner's conviction becomes final for § 2255 purposes when certiorari is denied

or when the time for filing a petition for certiorari expires.  See Griffith v. Kentucky, 479 U.S. 314,

321 n.6 (1987); Kapral v. United States, 166 F.3d 565, 571-72 (3d Cir. 1999). The time for filing a

petition for certiorari expires ninety (90) days from the entry of judgment or denial of a rehearing

petition under Rule 13 of the Supreme Court Rules. See Kapral, 166 F.3d at 571 n.3

Here Petitioner's judgment was filed on April 3, 2006, and Petitioner did not file a direct appeal. Therefore, Petitioner's conviction became final on July 3, 2006[2], when his ability to seek certiorari expired. Fed. R. App. P. 4(b)(1)(A). Accordingly, since Petitioner did not file his § 2255 motion until May 13, 2008, Petitioner's motion is untimely.

### C.    Equitable Tolling

The one year time limitation set forth in the AEDPA has been construed as being subject to equitable tolling in instances where application of the time limitation would unfairly violate the principles of equity. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998). The Third Circuit however, has cautioned that statutes of limitation should be tolled only in "extraordinary circumstances." Id.

Petitioner acknowledges that his petition was untimely but seeks to excuse his late filing by asserting that the statute of limitations should be tolled because after his sentencing he was placed in solitary confinement by the BOP and thus denied access to a prison law library, and/or the assistance of a prisoner paralegal. Petitioner claims that he was impeded by the Government from pursuing this matter for eighteen months.

The Government responds to Petitioner's claims by explaining that Petitioner did not remain in administrative detention without interruption while at USP Canaan. On April 3, 2006, after being sentenced, Petitioner was held at the Hudson County Jail in the custody of the US Marshals until April 26, 2006, and then was moved to USP Canaan and placed in the custody of the BOP. At

---

[2]Ninety (90) days from the entry of judgment on April 3, 2006, is July 2, 2006. Since July 2, 2006, is a Sunday, in accordance with Sup Ct. R. 30 the last date upon which Petitioner could have filed a petition for certiorari was July 3, 2006.

Canaan Petitioner was placed in administrative segregation in accordance with standard practice. On May 9, 2006, Petitioner was placed in general population. From that time on Petitioner was placed in disciplinary segregation from time to time for a variety of offenses.

The record does not support Petitioner's position. In fact, although the record demonstrates that during his incarceration Petitioner was at different periods placed in more restrictive confinement, he was never denied access to his attorney, a prison law library or a prison paralegal for period of time which would have inhibited his ability to file a § 2255 petition in a timely manner.

In further support of its arguments, the Government cites non-binding case law which suggests that the type of restrictive confinement imposed on Petitioner from time to time does not constitute extraordinary circumstances justifying equitable tolling of § 2255 petitions. See Warren v. Kelly, 207 F. Supp. 2d 6, 10 (S.D.N.Y. 2002); Atkins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000). While the Court does not rely on these opinions in finding that Petitioner's circumstances do not satisfy the extraordinary circumstances standard, the Court recognizes that had the facts presented demonstrated that Petitioner had been denied access to a prison law library or counsel for a period of time which could be deemed prohibitive, there are Courts that would still hold that equitable tolling is not be appropriate.

The Government further relies on the Third Circuit tolling requirement that "petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [] claims.'" Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). "Mere excusable negligence is not sufficient." Miller, 145 F.3d at 619. The government argues that even if Petitioner was impeded while in administrative detention, there is nothing to demonstrate that he "diligently pursue[d] his claims." The Court agrees with the Government. Petitioner has not demonstrated that he diligently pursued his claims. As noted by the Government, Petitioner never filed a grievance concerning access to counsel or legal

materials.

Petitioner has not demonstrated that the Government either through the actions of the US Marshals or the BOB has prohibited him from timely filing his § 2255 petition.  Likewise, Petitioner has not demonstrated that he diligently pursued his § 2255 petition.  Therefore, Petitioner has not demonstrated the requisite extraordinary circumstances to justify equitable tolling.  Accordingly, Petitioner's petition is barred by the applicable statute of limitation.  Since the petition is barred, Petitioner fails to state a claim upon which relief can be granted and his petition is therefore **denied**.

## III.   CONCLUSION

For the reasons stated, it is the finding of this Court that Respondent's motion is **granted** and Petitioner's application for a writ of habeas corpus is **denied**.  An appropriate Order accompanies this Opinion.


 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        January   22  ,  2009
Orig.:       Clerk
cc:          Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File

7