NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONDELL WARNER, | **Hon. Dennis M. Cavanaugh** |
| Petitioner, | **OPINION** |
| v. | Civil Action No. 08-CV-2550 (DMC) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon request by Petitioner Rondell Warner ("Petitioner") seeking to have this Court issue a Certificate of Appealability under 28 U.S.C. § 2253. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that Petitioner's request is **denied**.

I.   **BACKGROUND**[1]

   A.   **Factual Background**

In or about December 1993, a group of individuals headed by Petitioner established themselves as the controlling narcotics gang of Bergen and Lexington Avenues in Jersey City, New Jersey. The group called themselves the "Lex Mob." On December 8, 1993, an enforcer for a rival drug gang, Tyrone Stevens, began to antagonize one of Petitioner's crew members. This dispute led to a physical confrontation and Petitioner drew his handgun and shot Mr. Stevens in the neck. Mr.

---

[1] The facts set forth in this Opinion are taken from this Court's January 22, 2009 Opinion.

Stevens survived, however, because of Petitioner's actions, the Lex Mob grew in strength and reputation.

On August 23, 1999, a member of the Lex Mob had a verbal dispute with a driver of a car parked at Bramhall and Bergen Avenues, Ezekiel Simmons. This dispute escalated after the car almost struck another Lex Mob member. In retaliation, Petitioner ordered two Lex Mob members to shoot Ezekiel Simmons. Unbeknownst to the Lex Mob members, they actually shot and killed William Simmons, Exekiel Simmons' brother.

### A.    Procedural Background

Petitioner was arrested on February 28, 2002. On August 14, 2004, a superseding indictment was filed, charging Petitioner with racketeering, conspiracy, RICO, and other charges. On October 18, 2005, as jury selection was completed and the Government was prepared to present an opening statement, Petitioner entered a plea agreement which incorporated his activities with the Lex Mob from September 1993 through August 2004. On April 3, 2006, a sentencing hearing was held before this Court. Petitioner was sentenced to 240 months, the statutory maximum under 18 U.S.C. § 1962(d), a $50,000 fine, and three years supervised release. Petitioner did not appeal. His conviction became final on July 3, 2006.

After the plea, Petitioner was held at the Hudson County Jail, in the custody of the United States Marshals Service until April 26, 2006, at which time he was placed into the custody of the Bureau of Prisons ("BOP") and moved to USP Canaan, in Waymart Pennsylvania. During his incarceration Petitioner never filed a grievance concerning access to counsel, access to legal materials, or access to a law library. Petitioner remained incarcerated at USP Canaan until January 16, 2008.

On May 13, 2008, more than two years after being sentenced, Petitioner filed a petition for

*habeas corpus* under 28 U.S.C. § 2255.  On January 22, 2009, this Court denied Petitioner's *habeas* petition.  Petitioner now seeks a COA regarding this Court's denial of his *habeas* petition.

## II.   LEGAL STANDARD

28 U.S.C. § 2253(c) provides that "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless Petitioner has identified specific issues and made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B), (2), (3); Slack v. McDaniel, 529 U.S. 473, 484 (2000); United States v. Cepero, 224 F.3d 256, 262-64 (3d Cir. 2000). To do so, Petitioner must make a "showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further,'" that is, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484 (citation omitted); Miller-El v. Cockrell, 123 S.Ct. 1029, 1039-40 (2003).

## III.  DISCUSSION

Petitioner seeks a COA because he believes that this Court erred when it denied his *habeas* petition pursuant to the Government's FED. R. CIV. P. 12(b)(6) motion.  Petitioner argues that the Court did not defer to his allegations and did not have an evidentiary hearing which Petitioner believes was necessary because of numerous factual disputes outside the record.

With respect to Petitioner's deference argument, it is well settled that when deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998).

3

This notwithstanding, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982).

The Court took all of Plaintiff's allegations that were not directly refuted by incontrovertible evidence to be true. The Government demonstrated that although Petitioner was from time to time placed in disciplinary solitary confinement, he was not at all times in solitary confinement. Based on the Government's evidence, Petitioner's allegations that he was denied access to an attorney and the law library are balled assertions which the Court does not have to assume are true. Even assuming that Petitioner was in solitary confinement from when he was sentenced, this is not enough to invoke equitable tolling. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

The Third Circuit has cautioned that statutes of limitation should be tolled only in "extraordinary circumstances." Morse, 132 F.3d at 906. Furthermore, before a court grants a tolling motion it is a requirement that "petitioner [] show that he or she 'exercised reasonable diligence in investigating and bringing [] claims.'" Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). "Mere excusable negligence is not sufficient." Miller, 145 F.3d 616 619 (3d Cir. 1998). The fact that Petitioner wrote his alleged attorney on three occasions is not enough to demonstrate diligence. Petitioner did not inform the Court that his attorney abandon him and his case, nor did he seek to obtain new counsel. As noted by the Government, Petitioner never filed a grievance concerning

4

access to counsel or legal materials with the BOP.

Likewise, Petitioner's second argument that an evidentiary hearing was required is also in error. There was no factual dispute regarding the issues dispositive to Petitioner's *habeas* petition. Petitioner did not file his petition within the one year deadline. Even assuming that petitioner was never allowed to enter the law library and that he spent most of his time in solitary confinement, Petitioner could not establish that he diligently pursued his case. Therefore, equitable tolling is unwarranted in this instance. Given that equitable tolling is unwarranted in this case, a reasonable jurist could not debate that this petition should have bee resolved in a different manner.

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Petitioner's request for a COA is **denied**. An appropriate Order accompanies this Opinion.


                                         S/ Dennis M. Cavanaugh
                                         Dennis M. Cavanaugh, U.S.D.J.

Date:        April  13 , 2009
Orig.:       Clerk
cc:          Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File